### John Stirlen v. Amos Pettibone et al.

1. AMENDMENTS—*To Oral Pleadings.*—The court knows of no way to amend an oral pleading except it be done orally, which was done in this case.

Assumpsit, on a contract of guaranty. Trial in the Circuit Court of Cook County on appeal from a justice of the peace. The Hon. RICHARD W. CLIFFORD, Judge, presiding; verdict and judgment for plaintiff; appeal by defendant. Heard in the Branch Appellate Court of the First District, at the October term, 1897. Affirmed. Opinion filed May 31, 1898.

SAMUEL B. KING, attorney for appellant.

Warvelle & Clithero, attorneys for appellees.

Mr. Presiding Justice Shepard delivered the opinion of the court.

This cause originated before a justice of the peace, and hence, without pleadings. It was begun against appellant and the Travelers League Publishing Company, a corporation, and from a judgment against both defendants, before the justice, an appeal was taken by them to the Circuit Court. There, for the purpose of avoiding a possible continuance asked by the present appellant upon a point connected with the jurisdiction of that court over the defendant corporation, leave was asked by the appellees, and given, to dismiss the suit as to the corporation. Thereupon, over the motion of appellant for a continuance, because a trial as to him alone presented a different issue from that upon which he was prepared, the cause proceeded to trial and resulted in the judgment against appellant alone, now appealed from.

It is contended that it is error to render judgment against one joint defendant without disposing of the cause as to the others, which we concede; and it is said that because a leave to amend does not perform the office of an amendment itself, the defendant corporation remained still a party to the suit at the time judgment was rendered against appellant, and has so remained hitherto.

The fallacy of the argument is found in the fact that there were never any written pleadings in the cause. Oral pleadings are incapable of amendment by a writing in the form of an amendment. We know of no way to amend an oral pleading except it be done orally, which was what was done in this case. The record shows that " thereupon  *  *  *  plaintiffs moved to dismiss their suit as to the Travelers League Publishing Company, which motion the court thereupon granted," and thereafter it was that appellant further moved, as before mentioned, for a continuance upon the ground that, as the record shows, the defendant (appellant) came into court prepared to try the cause upon the

issue made by the denial of joint liability with the Travelers League Publishing Company, * * * and that the dismissal of the Travelers League Publishing Company as co-defendant wholly changed the issues, and that he was wholly unprepared to meet the issues presented by the election of plaintiffs to hold him singly."

The cases appellant relies upon are ones in which there were written pleadings.

We hold that the amendment was properly made, and that by it, the cause was disposed of as to appellant's former co-defendant. There was no error, therefore, in respect of the judgment being rendered against appellant alone, and there being no other error argued, this substantially disposes of the case.

Appellant's counsel have only this to say about the other errors that are assigned: " Several other errors are assigned which we believe to be supported by the record, the mere statement of which, in the assignment of errors, points out the reasons upon which they are based."

Even if we should accept the division of work the appellant has invited us to in this manner, we should have to affirm the judgment for the reason that the bill of exceptions does not purport to contain all the evidence. An examination, however, of so much of the evidence as is before us discloses no merit in appellant's defense. The judgment, therefore, is affirmed.